## THE STATE v. QUINN.

1. **Criminal Law**: SWINDLING. Chapter 102, Laws of 1876, embraces and provides for the punishment of swindling, not only by cards but also by means of sleight of hand performances or any other devices.

2. ———: IDENTITY OF DEFENDANT. The judgment in a criminal case will not be reversed on account of a doubt of the identification of the defendant, where the evidence of identity is not in itself improbable, and the court below has refused to disturb the verdict.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 10.

The defendant was indicted for the crime of swindling. There was a trial, verdict of guilty, and judgment. Defendant appeals.

*Pollock & Shields*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—The indictment charged that on the 25th day af August, 1876, the defendant, "by means of a certain device and game did obtain from Richard C. Oppies the sum of five dollars, lawful money; said device being a sleight of hand game, performed with a strap, and known as the strap game." To this indictment there was a demurrer, on the ground no crime was charged therein. The demurrer

was overruled. The statute provides, "That whoever by the means of three-card monte, so called, or any other form or device, sleight of hand, or other means, whatever, by use of cards or other instruments of like character, obtains from another person any money or other property     *     *     *     shall be deemed guilty of swindling."

It is argued that the alleged criminal act must be both within the letter and spirit of the statute before a conviction can be sustained. This is undoubtedly true, and another proposition advanced by counsel is equally true, and that is that in the construction of penal statutes, where there is doubt and uncertainty whether the alleged criminal act comes within the scope of the statute, such a construction should be adopted as to exclude it. It is elementary in the construction of criminal statutes that alleged criminal acts, unless plainly within the letter, spirit and reason of the statute, should not by a forced or unnatural construction be brought within its terms. Keeping these well known principles in view, and giving them due weight and importance in the construction of this statute, we arrive at the conclusion that a person may be guilty of swindling under this statute: 1. Of obtaining money or property by means of three card monte, so called; 2. Or by any other form or device; 3. Or by any sleight of hand performance; 4. By means of cards or instruments of like character. We are unable to conclude the letter or intent of the statute requires the construction that the crime can only be committed by the use of cards. If such had been the intent, apt words to express such thought could and would no doubt have been used. It is practically impossible in a statute to use words which will cover every imaginable form or device by which the crime of swindling may be perpetrated. Hence, general words are used, and they should not be rejected, but given such scope and effect as their natural meaning fairly imports. *State v. Sumner*, 10 Vt., 589.

The statute embraces, and was evidently intended to embrace, any "sleight of hand" performance, whether done by means of three card monte or the use of cards or other devices. The demurrer was properly overruled.

It is urged the verdict is against the weight of the evidence. That is to say, the guilt of the defendant is not shown beyond 2. ——: identi- a reasonable doubt. The only possible doubt ty of defend- is as to the identity of the defendant. He was ant. positively identified by the prosecuting witness. It is possible he did not correctly describe how he was dressed. But this question was fairly put to the jury, and if they believed the witness their verdict is undoubtedly correct. It so greatly depends on the appearance and conduct of the witness when testifying, as to the credit he is entitled to, as to render it difficult for us to say he has testified falsely. Especially is this so when the court below has refused to disturb the verdict, and there is nothing in the story told by the witness that renders it improbable. We cannot interfere with the verdict.

Many errors are assigned by counsel, but not argued. As. is our duty we have examined them all, and reach the conclusion that there is no error in the record.

AFFIRMED.